O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | | |
|---|---|---|
| CARLOS ISAAC BARRIENTOS, | ) | Case No. CV 08-3580-MLG |
| Petitioner, | ) | MEMORANDUM OPINION AND ORDER |
| v. | ) | |
| JOSEPH NORWOOD, Warden, | ) | |
| Respondent. | ) | |

On June 2, 2008, Petitioner, a federal prisoner then incarcerated at the United States Penitentiary in Victorville, California, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner alleged that he was illegally being denied the right to participate in the Residential Drug Abuse Treatment Program (RDAP). This, in turn, denied him the right to a sentence reduction under 18 U.S.C. § 3621(e), a reduction to which inmates who successfully complete the program are eligible.

On August 1, 2008, Respondent filed a motion to dismiss the petition, claiming that the petition was moot because on June 11, 2008, the Bureau of Prisons had determined that Petitioner was eligible for placement in a RDAP and was provisionally eligible for early release under section 3621.

On August 4, 2008, the Court issued an order directing Petitioner to inform the Court, no later than August 18, 2008, whether he consented to dismissal of the petition. Petitioner was further ordered, in the alternative, to file a brief in opposition to the motion to dismiss no later than September 2, 2008. Petitioner has done neither.

Respondent's motion to dismiss must be granted. A claim is moot when "the issues presented are no longer live" and there exists no "present controversy as to which effective relief can be granted." *Outdoor Media Group, Inc. v. City of Beaumont*, 506 F.3d 895, 900 (9th Cir. 2007)(*quoting Vill. Of Gambell v. Babbityt*, 999 F.2d 403, 406 (9th Cir. 1993). The "case or controversy" requirement of Article III, § 2 " 'subsists through all stages of federal judicial proceedings, trial and appellate.... The parties must continue to have a "personal stake in the outcome" of the lawsuit.' " *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477-78 (1990)), *see also Burnett v. Lampert*, 432 F.3d 996, 999 (9th Cir. 2005). Throughout the litigation, "the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant" which is able "to be redressed by a favorable judicial decision." *Id.* (internal quotation marks omitted). In a case where the ability to grant the relief requested no longer exists, there must be some concrete and continuing injury or some collateral consequence of the alleged violation if the suit is to be maintained. *Id*. In such cases, the burden is on the petitioner to demonstrate that such consequences exist. *Id*. at 10-11, 14.

Here, there is no longer any relief available to Petitioner. He has been found eligible for participation in the RDAP. He is also

eligible to receive a sentence reduction if he successfully completes the program. The relief sought by Petitioner has already been granted. There are no live issues and the case is moot.

Accordingly, IT IS ORDERED that Respondent's motion to dismiss be GRANTED.

Dated: September 5, 2008

_____
Marc L. Goldman
United States Magistrate Judge